UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER CORNELIUS THURMAN,

   Plaintiff,

   v.

GORDON R. ENGLAND, Secretary of the United States Navy,

   Defendant.

Case No. C04-5203FDB

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

    This matter is before the Court on the motion of Defendant Gordon England, Secretary of the United States Navy, pursuant to Rules 12(b)(1), (6) and 56( c) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Peter Thurman's Complaint for lack of jurisdiction, for failure to state a claim upon which relief can be granted, and for summary judgment. By Order dated July 29, 2005, Plaintiff was ordered to show cause in writing no later than August 10, 2005, sufficient to satisfy the Court that Plaintiff is represented by counsel or will be representing himself pro se and is aware of his obligation to prosecute this action. Plaintiff has failed to respond to the Court's Order. Accordingly, the Court will proceed with consideration of Defendant's motion to dismiss, response filed by Plaintiff, the affidavits and memoranda filed in support of the motion, and the balance of the record. Having considered these, the Court finds that Defendant's motion shall be granted.

ORDER - 1

I.

In determining a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to plaintiff. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102 (1957); Parks, 51 F.3d at 1484. The Court must assume all material facts contained in the Complaint are true and indulge all inferences in favor of the plaintiffs. In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts which show a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). Summary judgment is proper if the moving party shows that there is no evidence which supports an essential element to the non-moving party's claim. Celotex, 477 U.S. 317 (1986). The substantive law governs whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). After the moving party has made its required showing, the non-moving party cannot simply rest on the conclusory allegations in their pleadings. Fed.R.Civ.P. 56(e).

Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a court may not supply essential elements of the claim that were not initially pled. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II.

Plaintiff Peter C. Thurman, an African American male, born January 1, 1961, has filed a complaint against the Secretary of the Navy alleging that he was discriminated against on the bases

ORDER - 2

of race, sex, age and that he was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* (Title VII) and the Age Discrimination in Employment Act, 29 U.S.C. § 633a (ADEA).

The complaint contains no factual allegations but incorporates by reference the formal EEO complaint filed by Plaintiff Thurman on October 9, 2003. The specific allegations contained in Plaintiff Thurman's EEO complaint are as follows:

"1.　Individuals speak with each other, but not to me. This silent treatment began upon my arrival. This silent treatment, coupled with random office hostilities (see 1-12), management's refusal to provide timely support of my work (HVAC assignments, but not HVAC training time) and the fact that I'm the only non-white engineer in office, leads me to conclude I'm a "token black" (May 003 - Present).

2.　Individuals held a disruptive and increasingly large talk at my desk, then cursed instead of apologized, when I asked them to disburse (July 003).

3.　An individual looked me square in the eye as I sat at my desk, then loudly feigned spitting (July 003).

4.　Individuals who do not speak to me, daily feign spitting at their desks (July 003 - Present).

5.　Individuals placed the office paper recycle bin (a very large container) at my desk (Aug. 003).

6.　Individuals sabotaged my office by removing some tape uniquely used to secure metal supports for a mirror at my desk (Aug 003).

7.　An individual entered my office without my permission and for unknown reasons, leaving my desk in disarray and my guests chair blocking access to my desk (Aug 003).

8.　Individuals vandalized my auto (Jeep Wrangler, WA lic 228-MCK) numerous times at work consisting of loosened bolts, punctured tire, window slash and decorating (an artificial ass-tail was tied to my bumper with govt hardware) (Aug 003).

9.　An individual blocked an office doorway, restricting my access through the doorway; this act took place next to the office copier and was witnessed by a coworker, Mr. Nick Ferderer (Aug 003).

10.　Coworker Charlie Hanff cut short a discussion between himself and myself by calling me out of my name (A_hole") as I attempted to discuss a task I'd given him, then

ORDER - 3

    Hanff followed me to my desk to continue his verbal barrage, refusing to leave inspite of my request for him to do so.  Supervisor (Earl McCarthy) tells me that "I don't get alone with anyone", after I reported incident to him, thus implying I will receive disciplinray action.  Supervisor speaks with both Hanff and myself, states problem began at Hanff's desk and Hanff had responded to my negative comments on his work.  I'm not aware of any disciplinary action against Hanff, not even a verbal reprimand for calling me out of my name (Sept).

11. My 2nd level supervisor (William Nielsen) calls both Earl and myself into his office to discuss status of my work.  I state I do not know if I will be able to complete a couple of projects by their due date, and Nielsen responds by speaking to me in private.  Nielsen states he never wanted to hire me; I've done nothing right since I was hired Sept 99; I played no part in the good work by Public Works last year; he regrets promoting me to GS-12 engineer; my work is assigned to others (Jim Knapp, Rich Crain and Jim Luddon and Coworkers do not appreciate doing my work while I get paid "all that money"; the most important work aspects are Schedule; Budget and remaining off "Overdue list"; he cannot afford to employee a GS-112 engineer who does not have adequate output; if he must meet with me again, he will have to make a decision that neither he nor I wants.  When I ask what must I do to change his opinion of me, Nielsen states I must complete work on-schedule, stay within budget and stay off "overdue list" (Sept 003).

12. Supervisor Earl McCarthy states I do not want to work, and I respond by refuting that statement and leaving the office for the remainder of that day and following day (September 003)."

(Plaintiff's EEO Complaint).

### III.

It is unclear from the foregoing whether Plaintiff Thurman is alleging disparate treatment or a hostile work environment based on harassment.   The allegations on their face and standing alone do not describe behavior that can be considered discriminatory.  Specific evidence sufficient to satisfy each element of each type of discrimination alleged is required.

(a) <u>Disparate Treatment</u>.   To establish a prima face case of discrimination based on gender, race or national origin, Plaintiff must show that he (1) belongs to a protected class, (2) was performing according to his employer's legitimate expectations, (3) was subject to an adverse employment action, and (4) similarly situated individuals outside of his protected class were treated more favorably.  *See, Reeves v. Sanderson Plumbing*, 530 U.S. 133, 142 (2000); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).

ORDER - 4

  Two of Plaintiff's allegations involve management action which could arguably give rise to a disparate treatment claim - (1) that Plaintiff was denied training and (2) that his supervisor accused him of not wanting to work.  Plaintiff cannot make a prima facie case relating to his claim for denial of training, however, because he has not identified any specific training that he asked for and was denied.  In addition, there is no evidence that other employees were treated more favorably under the same circumstances.  As to Plaintiff's second allegation, the undisputed facts reveal that he was given a letter of reprimand because he did not follow the procedures for requesting leave and having his leave approved prior to leaving work.  Plaintiff acknowledges that he did not follow the appropriate procedures.  As with the first allegation, Plaintiff has provided no evidence that other employees were treated more favorably under the same circumstances.  Thus, Plaintiff's claim of disparate treatment cannot stand.

  (b) <u>Hostile Environment</u>.  To establish a prima facie case of a hostile work environment due to racial based harassment, Plaintiff must show that (1) he was subjected to verbal or physical conduct directed at him because of his race, national origin or gender; (2) this conduct was unwelcome; and (3) the conduct was severe or pervasive enough to alter the conditions of employment and create an abusive working environment. *Meritor v. Savings Bank v. Vinson*, 477 U.S. 57 (1986); *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003).

  An objectively hostile or abusive work environment is one that a reasonable person would find hostile and abusive as well as one that the victim subjectively perceives as hostile and abusive. *Harris v. Forklift Systems, Inc.*, 114 S.Ct. 367 (1993).  Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonble person would find hostile or abusive - is beyond Title VII's purview. *Id*. at 370.  " . . . [the] conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2257 (1998).

ORDER - 5

The Court finds that, at the very least, Plaintiff must show either racially derogatory remarks or harassing conduct directed at him because of his race.  However, a review of the allegations listed by Plaintiff fails to reveal any such remarks or conduct.  For example, Plaintiff complains that one co-worker cursed during when told to stop talking, but he acknowledges that the conversation was not directed at him, that there were no racial overtones to the conversation, and that, although he could not hear what the employee said, he assumed the employee had cursed.  As to the employees whom Plaintiff alleges "feigned spitting," there is no evidence that by doing so, these employees were attempting to racially harass the Plaintiff and Plaintiff acknowledges that he did not report to management that he believed he was being harassed.  Plaintiff also alleges that an individual blocked his way into a doorway, but when questioned, admitted that the person was using a copy machine and moved out of his way when he said "excuse me."   The allegation involving a co-worker calling Plaintiff an "asshole" does involve conduct directed at the Plaintiff, but here again, there is no evidence that the conduct was racially motivated.

Because Plaintiff has shown no racially derogatory remarks or harassing conduct directed at him because of his race, his claims of hostile environment must fail.

( c)     Retaliation.  To establish a prima facie case of retaliation, Plaintiff Thurman must produce specific and substantial evidence that he (1) engaged in statutorily protected activity; (2) thereafter suffered an adverse employment action at the hands of his supervisors and (3) a causal link exists between his protected activity and the adverse employment action.  *Vasquesz v. County of Los Angeles*, 307 F.3d 884, 896 (9th Cir. 2002); *William Ray v. William Henderson, Postmaster General*, 217 F.3d 1234, 1239 (9th Cir. 2000); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994).  Plaintiff Thurman must present evidence sufficient to raise an inference that his protected activity was the "likely reason" for the adverse action.  *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

ORDER - 6

In this case, the only allegation which could arguably give rise to a retaliation claim is the allegation concerning Plaintiff's supervisor denying him sick leave and giving him a letter of reprimand. Plaintiff cannot show that he suffered an adverse action by receipt of the letter of reprimand, however, as the Court does not believe that its receipt rises to the level of an adverse action. Indeed, even if it did, there is no requisite causal link between the letter of reprimand, which Plaintiff Thurman received in September of 2003, and his prior EEO activity, which occurred in 2000. The elapsed time of almost two years is too long to allow an inference of a causal link. *See, Manatt v. Bank of America*, 339 F.3d 792, 802 (9th Cir. 2003).

To defeat summary judgment, Plaintiff Thurman must also show pretext. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885 (9th Cir. 1994). However, there is no evidence that the letter of reprimand was issued in retaliation. Rather, the evidence indicates that Plaintiff Thurman was given a letter of reprimand because he left his place of employment without following the procedures for requesting leave despite having been previously advised that he needed to do so. Plaintiff Thurman has presented no specific and substantial evidence to this Court that the reason given by Defendant for issuance of the letter of reprimand was a pretext for retaliation.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion to dismiss and/or for summary judgment (Dkt. #15) is **GRANTED**; and

(2) Plaintiff's claims against Defendants are dismissed with prejudice.

DATED this 15th day of August, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7